21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Earl TUCKER, Kenneth Frazee, William Frank Schlicher, Plaintiffs,
James M. Pollock, Plaintiff-Appellant,
v.
Herb MASCHNER and Richard Mills, Defendants-Appellees.
 No. 91-3363.
 United States Court of Appeals, Tenth Circuit.
 April 11, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs filed an action in the district court pursuant to 42 U.S.C.1983, alleging violation of their constitutional right to access to the courts. Plaintiff James M. Pollock is the sole appellant in this appeal.[2]
 
 
 4
 "The Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to 'adequate, effective, and meaningful' access to the courts." Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir.1993)(quoting Bounds v. Smith, 430 U.S. 817, 822 (1977)). The guarantee of court access is satisfied "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828.
 
 
 5
 The district court granted summary judgment in favor of defendants on plaintiffs' claims, finding that plaintiffs' access to the law library and legal services satisfied their constitutional right to court access.[3] Applying the same legal standard used by the district court, we review the grant of summary judgment de novo. Petrick v. Maynard, 11 F.3d at 994. We view the record in a light most favorable to the party opposing summary judgment. Id. Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Moreover, we construe [the] complaint liberally because [appellant] is a pro se litigant." Petrick, 11 F.3d at 994.
 
 
 6
 Further, Rule 56(e) requires that in a summary judgment situation, "the nonmovant must do more than refer to allegations ... in a brief to withstand summary judgment. Rather, sufficient evidence (pertinent to the material issue) must bes identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." Thomas v. Wichita Coca Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992). Because plaintiffs rested on their pleadings and did not carry their burden of setting forth specific facts showing a genuine issue for trial, see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986), summary judgment was appropriate.
 
 
 7
 Finally, appellant maintains on appeal that his right to court access has been violated because he was refused permission to go to the law library, because defendants issued a memorandum prohibiting use of the law library photocopier for copying certain documents, and because legal papers were taken from him. Neither the defendants nor the district court addressed the specific contentions raised on appeal because they were not raised before the district court. Consequently, we will not address them on appeal. See Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991).[4]
 
 
 8
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 All four plaintiffs in the underlying action filed a notice of appeal from the district court's judgment. That appeal was docketed as No. 91-3362, and was dismissed for want of prosecution; the appeal was terminated. Plaintiff Pollock filed a separate notice of appeal from the district court's judgment, which is the appeal now before us, No. 91-3363. Mr. Pollock's appeal was also dismissed for want of prosecution, but he filed a motion to reopen the appeal, and that motion was granted
 
 
 [3]
 The district court found that plaintiffs' claims of harassment and retaliation by prison library staff were conclusory and without factual support and, therefore, did not address them. Even construing Mr. Pollock's appeal liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991), we fail to see that he has appealed the district court's ruling on that issue. We note, however, that we agree with the district court's assessment of plaintiffs' harassment and retaliation claims. See id. ("Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.")
 
 
 [4]
 Plaintiffs alleged in their complaint that their constitutional right to access to the courts has been violated because the law library space is too small, inmate access is limited in general, and legal assistance is insufficient. Appellant does not make the same contentions in support of his allegation of constitutional violation on appeal; he makes no allegation of error in the district court's judgment with regard to those allegations. Because appellant has failed to argue the bases for violation of his constitutional right on appeal that he presented to the district court, he has waived those arguments. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir.1990)(argument listed as issue on appeal but not argued in brief is waived)