38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Red Elk Ironhorse THOMAS, Plaintiff-Appellant,
v.
David R. FRANCHINA and C. Kim Thompson, Defendants-Appellees.
 No. 94-4129.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Thomas filed an action under 42 U.S.C.1983 alleging that Utah state prison officials violated his Fourteenth Amendment due process right of access to the courts.[2] Specifically, Thomas charged that Utah officials have willfully deprived him of legal assistance by failing to maintain an adequate law library, denying him access to use of the law library, requiring him to pay for photocopying and law books, and providing ineffective contract attorneys as a substitute to the library. The United States District Court for the District of Utah granted Thomas's application to proceed in forma pauperis, but the magistrate assigned to the case found Thomas's claim "frivolous" pursuant to 28 U.S.C.1915(d) and recommended dismissal. The district court accepted the magistrate's findings and dismissed the action.[3] Thomas timely appealed. For the reasons explained below, we agree with the district court and Thomas's appeal is DISMISSED.
 
 
 3
 28 U.S.C.1915(d) authorizes dismissal of meritless legal claims with no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 327 (1989).[4] Here, Thomas claims a violation of his constitutional right of access to the courts. Prison officials are required to provide inmates with adequate law libraries or assistance from legally trained persons in order to ensure prisoners' access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977); Green v. Johnson, 977 F.2d 1383, 1389 (10th Cir.1992). In examining the constitutional adequacy of a prison's legal assistance program, we consider the program as a whole. Petrick v. Maynard, 11 F.3d 991, 994-95 (10th Cir.1993). No rigid formula exists to guide our inquiry, and prison restrictions on access can be upheld if reasonably related to valid penological interests. Id.
 
 
 4
 In the present action, Thomas challenges the adequacy of his access to legal assistance through both the law library and contract attorneys. In previous challenges to the Utah prison system, we have held that the right of access to the courts can be satisfied by provision of contract attorneys alone and that assistance of counsel need not extend beyond completion of a prisoner's initial complaint. Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir.1987); Nordgren v. Milliken, 762 F.2d 851, 855 (10th Cir.), cert. denied, 474 U.S. 1032 (1985). If Thomas cannot show that the Utah contract attorneys are inadequate, his claims about the library become irrelevant, and his constitutional claims fail.[5]
 
 
 5
 Indeed, as the district court and magistrate noted, Thomas has offered only conclusory allegations that contract attorneys will not assist him or file actions on his behalf.[6] Thomas's extensive legal citation in the present case and prolific filing of other actions belie his claim that he is deprived of adequate legal resources. Accordingly, Thomas's appeal is dismissed as his allegations are conclusory and unsupported by underlying facts.[7] See Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Thomas's original complaint characterized his action as seeking relief pursuant to both 42 U.S.C.1983 and habeas corpus. The district court found that the complaint only raised claims related to 42 U.S.C.1983 and did not truly seek habeas corpus relief. We agree with the district court's characterization of Thomas's complaint
 
 
 [3]
 The district court also adopted the magistrate's warning to Thomas that if he files one more frivolous case he will be temporarily enjoined from filing any more cases without obtaining leave of court. The Supreme Court has held that abuses of the in forma pauperis privilege may justify the denial of in forma pauperis status in future filings. In re Sindram, 498 U.S. 177, 180 (1991)
 
 
 [4]
 The Supreme Court has held, however, that the standard for dismissal of a claim under 1915(d) is a narrower one than under Fed.R.Civ.P. 12(b)(6). Neitzke, 490 U.S. at 328
 
 
 [5]
 The district court stated that to make out a prima facie case of denial of access to the courts, Thomas must allege: (1) inadequate legal assistance; and (2) either actual injury or a complete and total denial of access to legal resources. Because we resolve this appeal on the first prong, we do not address the need to show actual injury or a total deprivation of access
 
 
 [6]
 Thomas's allegations that the defendants have willfully and deliberately restricted his access to legal assistance are similarly unsupported
 
 
 [7]
 Thomas also complains on appeal that the district court did not serve his complaint on the defendants. Because we find no error in the district court's dismissal pursuant to 1915(d), we also find no error in its decision not to accomplish service