## UNITED STATES COURT OF APPEALS

Filed 4/18/96

## TENTH CIRCUIT

ERNEST TRUMAN STANTON,

    Plaintiff-Appellant,

v.

KATIE DOLTON, ARISTEDES
ZAVARAS, and ROY ROMER,

    Defendants-Appellees.

No. 95-1294
(D.C. No. 95-S-1390)
(Dist. Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Ernest Truman Stanton filed this pro se action pursuant to 42 U.S.C. § 1983, naming prison officials Kathie Dolton, Aristedes Zavaras, and Roy Romer as defendants. Mr. Stanton

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

alleged Ms. Dolton placed conditions on his employment as an inmate law clerk, increased the workload at his facility, thereby limiting his time to conduct legal research, and questioned him regarding his medical condition, all in violation of his due process rights. Mr. Stanton further alleged Ms. Dolton placed him in segregation and placed arbitrary and capricious conditions on his employment, both in violation of his equal protection rights. Mr. Stanton also alleged the law library was inadequate because the materials were archaic and outdated, in violation of his right of timely access to the courts. The district court dismissed Mr. Stanton's claims against Mr. Zavaras and Mr. Romer because he did not allege their personal participation, and dismissed his claims against Ms. Dolton as legally frivolous under 28 U.S.C. § 1915(d). Mr. Stanton appeals, and we affirm.

We review a district court's determination of frivolousness under section 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 34 (1992). A complaint may be deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims include "claims of infringement of a legal interest which clearly does not exist." Id. at 327.

In the present case, Mr. Stanton does not identify a statute or regulation that entitles him to a prison job and "[w]ithout such a statute, prisoners do not have a constitutional right to

employment." Templeman v. Gunter, 16 F.3d 367, 370 (10th Cir. 1994). Accordingly, Mr. Stanton's constitutional claims regarding his inmate law clerk position are without merit.

"The Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to 'adequate, effective, and meaningful' access to the courts." Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir. 1993)(quoting Bounds v. Smith, 430 U.S. 817, 822 (1977)). States must affirmatively assure all inmates "assistance in the preparation and filing of legal papers." Id. States may fulfill this duty by providing law libraries or assistance from persons trained in the law. Id. "Although this constitutional obligation does not require states to afford inmates unlimited access to a library, and there exists no rigid or static formula to assess whether a prison library's resources pass constitutional muster, states must provide inmates with 'a reasonably adequate opportunity' to present their legal claims." Id. (citations omitted).

Mr. Stanton alleged in his complaint that most of the legal materials in the law library are "archaic and outdated," as well as various other constitutional violations. We agree with the district court that these allegations, without more, are vague and conclusory and therefore without merit. See Petrick, 11 F.3d at 995-96 ("Of course, a prisoner must do more than make a mere conclusory allegation of need for unspecified or unlimited

-3-

materials. . . . The prisoner must also <u>articulate</u> a need for the requested material with sufficient particularity so that the prisoner's need may be balanced against legitimate penological interests."). We note Mr. Stanton stated in his complaint he receives approximately seven and one-half hours per week of law library time as well as access to a paralegal during day-shift hours.

Mr. Stanton raises additional factual and legal issues for the first time[1] which we decline to consider on appeal. <u>See Oyler v. Allenbrand</u>, 23 F.3d 292, 299 n.8 (10th Cir. 1994).

We therefore AFFIRM the judgment of the district court. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] Mr. Stanton raises the following issues for the first time on appeal: (1) he was transferred, subsequent to the district court's order, to a facility without a law library; however, he also states he received law library time subsequent to his transfer, Aplt. Br. at 4; (2) with respect to the facility at issue in the complaint, the law library was intermittently opened and closed during the period from December 1994 through June 1995, Aplt. Br. at 4, and did not contain certain legal materials which he listed in his brief, Aplt. Br. at 10; and (3) he was discriminated against on the basis of his religion.

-4-