**UNITED STATES COURT OF APPEALS**

**Filed 8/2/96**

---

DAVID BRUCE MCDERMOTT, II,

      Petitioner-Appellant,

v.

U.S. MARSHAL'S SERVICE and
TULSA COUNTY SHERIFF'S
DEPARTMENT,

      Respondents-Appellees.

No. 95-5283
(D.C. No. 95-C-1196-E)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

---

David Bruce McDermott, II, appeals the district court's denial of his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  McDermott is currently being

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

[1]  While this appeal was pending, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214.  Section

detained pending retrial of his criminal case. He alleges in his habeas petition that collateral estoppel, res judicata, and double jeopardy bar his retrial, and therefore his continued detention violates his constitutional rights. McDermott also raised these identical arguments before the district court in the form of pretrial motions to dismiss the criminal case. The district court denied McDermott's motions, and in <u>United States v. McDermott</u>, No. 95-5271 (unpublished disposition), we have affirmed. We incorporate by reference the discussion contained therein and hold that because there is no bar to McDermott's retrial, his habeas claim is without merit.

McDermott also has filed a "Motion for Access to a Law Library, Typewriter, Carbon Paper, Metered Mail and Large Envelopes," in which he alleges that he has been denied access to a law library. In his motion to the district court on this issue, however, his sole allegation was "[t]he Tulsa County Jail says McDermott can only have 5 (five) books a day and that McDermott is not allowed to have any cases, titles and such Sherpardized." R.O.A., doc. 2, at 1. Prisoners are not entitled to unlimited access to the law library, <u>Petrick v. Maynard</u>, 11 F.3d 991, 994 (10th Cir. 1993), but only to such

---

102 of Title I of the Act provides that a certificate of appealability must be granted before an appeal may be taken in certain habeas proceedings. However, we have held that no certificate of appealability is required for an appeal from the denial of a § 2241 petition, "which is neither a 'final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court' nor a 'final order in a proceeding under section 2255.'" <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996). Because McDermott has brought this petition pursuant to § 2241, we conclude that no certificate of appealability is required. The district court granted McDermott leave to proceed on appeal in forma pauperis.

access as provides them a "reasonably adequate opportunity" to present their legal claims. Id.  In any event, McDermott has been appointed standby counsel in connection with his direct criminal appeal, who may provide him with such legal research as is necessary. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (prisoners' right of access to the courts requires they be provided with "adequate law libraries or adequate assistance from persons trained in the law").  We agree with the district court that McDermott has alleged no constitutional violation.

The district court's denial of McDermott's habeas petition is affirmed. McDermott's Motion for Access to a Law Library is denied.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge