**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES SYLVESTER BEDFORD,

      Plaintiff-Appellant

v.

J.D. SHARP,

      Defendant-Appellee.

No. 96-6230
(D.C. No. CIV-96-81-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

      Plaintiff-Appellant Charles Sylvester Bedford brought suit pursuant to 42 U.S.C. § 1983 challenging the conditions of his pretrial detention in the Oklahoma County Detention Center.  Adopting the Report and Recommendation of a magistrate, the district court granted summary judgment to the defendant on all claims.  Bedford now appeals.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In his complaint, Bedford alleges that 1) his incoming mail was opened and inspected and all pictures were confiscated; his outgoing mail was not sent, despite proper postage; 2) he was given inadequate physical exercise; 3) he did not have access to a law library;  4) he was given cleaning supplies without warnings or use instructions; 5) he was "locked down" on Thanksgiving and Christmas because of inadequate staffing levels at the jail; 6) he was served food on tables that had not been cleaned after a previous meal;  7) he was exposed to tuberculosis through the jail's ventilation system.

Bedford named J.D. Sharp, Sheriff of Oklahoma County and supervisor of the county jail, as defendant.  He asked for injunctive relief and "any other relief under the laws."  Although the district court found that the plaintiff sought only equitable relief, on appeal the plaintiff argues that the phrase "any other relief under the laws" was a demand for money damages as well.

Analysis

Under the Due Process Clause, detainees who have not been convicted may not be punished, and the conditions or restrictions of their confinement must not amount to punishment.  Bell v. Wolfish, 441 U.S. 520, 535 (1979).  However, absent a finding that detention officials expressed an intent to punish the detainee, whether a condition is meant as punishment will usually turn on whether it is "reasonably related to a legitimate governmental objective." Id. at 538-39.  In

- 2 -

determining what is reasonably related to a legitimate government objective, we give deference to the expert judgment of corrections officials. Id. 541-42 n.23.

Plaintiff complains about the confiscation of photographs from his incoming mail. The First Amendment protects a prisoner's right to receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). Prison officials may regulate that right, however, as long as the regulation is "reasonably related to legitimate penological interests." Id. at 409 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In Thornburgh, the Court applied the test for evaluating the reasonableness of prison regulations established in Turner v. Safley to regulations affecting the First Amendment rights of prisoners, and specifically, to restrictions on a prisoner's right to receive mail.

The Turner test requires a court to weigh four factors: first, whether there is a "valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it;" second, "whether there are alternative means of exercising the right that remain open to prison inmates;" third, what "impact the accommodation of the constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and fourth, the "absence of ready alternatives" to the regulation. 482 U.S. at 89-90. Courts must conduct this analysis giving "substantial deference" to prison authorities. Frazier v. Dubois, 922 F.2d 560, 562 (10th Cir. 1991).

The detention center's mail policy states, in part: "All incoming mail will be opened and searched for contraband prior to delivery with the exception of 'LEGAL MAIL' . . . All incoming resident mail will be permitted excluding the following: . . . 6. Items which contain photographs." The detention center's policy on censorship of mail states: "Personnel of the Oklahoma County Detention Center shall not hold, censor, or read incoming mail unless there is reasonable evidence that such correspondence poses a threat to the safety of the facility, public officials, or the general public." [ROA Item 14, ex. B] The jail's policy regarding outgoing mail is to inspect all such non-legal mail for contraband and to send it out daily. [Id.]

The government did not proffer a justification for the regulation prohibiting prisoners from receiving photographs. The magistrate, in a report relied on by the district court for its decision, failed to analyze the policy under the Turner factors. Furthermore, prison officials have not articulated a penological interest served by the no-photographs policy, nor is one obvious. It is difficult to see, for example, how the confiscation of pictures of a prisoner's child could be "related to legitimate penological interests."[1] In the absence of an articulated reason for

_____

[1] Here the record does not reveal the nature of the pictures seized. We are unclear whether Bedford is asserting a facial challenge, an as-applied challenge, or both, to the prison policy on photographs. We assume that the district court will clarify Bedford's claim in that regard on remand, and if his claim includes an
(continued...)

the policy, we cannot uphold such a broad restriction on the First Amendment rights of prisoners.[2]  See Frazier, 922 F.2d 560 (reversing dismissal of suit for retaliatory transfer, where district court failed to conduct Turner analysis and prison proffered no reason for transfer);  Hayes v. Marriott, 70 F.3d 1144 (10th Cir. 1995) (reversing summary judgment on prisoner's claim that body cavity search in the presence of guards of the opposite sex violated Fourth Amendment where prison officials failed to explain why those guards were present);  Petrick v. Maynard, 11 F.3d 991 (10th Cir. 1993) (reversing and remanding prisoner's claim that he was denied access to the courts for Turner analysis).

We arrive at a contrary conclusion with regard to the jail's other mail policies.  Prison officials may open and inspect non-legal mail in the interest of jail security.  See Wolff v. McDonnell, 418 U.S. 539, 576-577 (1974).  Although outgoing mail presents a lesser security risk to the prison than incoming mail, courts nevertheless have upheld inspection of both kinds of mail where the inspection is for the purpose of discovering contraband.  See, e.g., Smith v. Delo, 995 F.2d 827, 830 (8th Cir. 1993).  Thus, the prison's policy of inspecting mail

---

[1](...continued)
as-applied challenge, will ascertain the nature of the photographs.

[2]Appellee fails to cite any authority upholding such a broad restriction on prisoners' access to photographs.  Cf. Giano v. Senkowski, 54 F.3d 1050 (2d Cir. 1995) (regulation prohibiting prisoners from possessing nude or semi-nude photographs of spouses or girlfriends upheld as policy bore rational relationship to legitimate penological interest in limiting inmate violence).

does not violate Bedford's constitutional rights. Absent an unconstitutional policy or custom a municipality can not be held liable under section 1983. Sauers v. Salt Lake County, 1 F.3d 1122, 1129 (10th Cir. 1993) ("Local government liability under § 1983 is not imposed on a respondeat superior theory."). Bedford has not alleged an affirmative link between the alleged mail tampering and the actions of defendant Sharp. Therefore, the suit cannot lie against Sharp in his individual capacity, either. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988). Thus, we affirm the district court's grant of summary judgment on these issues.

Bedford also alleges that he was not given access to a law library. As the Supreme Court reiterated in Lewis v. Casey, 116 S. Ct. 2174, 2177 (1996),

> 'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'

(quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). In a Martinez report prepared for this case, the detention center set out its policy with regard to access to the courts as follows:

> The Oklahoma County Jail does not and never has had a law library. As a approved viable alternative attorneys are allowed access to their clients in the Oklahoma County Jail anytime, night or day, 365 days a year. Attorneys may bring legal materials to their clients in the Oklahoma County Jail as needed within limits of jail security. Inmates requesting a law library are given a letter explaining this process.

- 6 -

The Supreme Court has required prison authorities to provide either a law library or legal assistance. In this case the prison has provided neither. Allowing a client's attorney access to the client as well as the right to bring the client legal materials would hardly seem to be an adequate alternative for prisoners such as Bedford who are not represented by attorneys. However, we lack jurisdiction to decide this issue because Bedford has failed to adequately allege that he was injured by the prison's policy.

As the Supreme Court clarified in Lewis, a prisoner who alleges lack of access to the courts must show an "actual injury" to meet the constitutional requirement of standing under Article III. Id. at 2179. See also Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996). To meet this requirement a prisoner must show that the alleged lack of access "hindered his [or her] efforts to pursue a legal claim." Lewis, 116 S. Ct. at 2180. In this case, the plaintiff stated in response to the defendant's motion to dismiss that he could not look up the cases cited in the motion and therefore could not adequately respond. However, under Tenth Circuit case law a plaintiff is not entitled to legal assistance beyond the preparation of the initial pleadings. Carper v. Deland, 54 F.3d 613, 617 (10th Cir. 1995). Because the plaintiff does not claim an impediment in the drafting of his complaint or that he was hindered in bringing his claims to the attention of the court, he has not shown that he was injured by the constitutional deficiencies in

- 7 -

the detention center's policy and has not met the constitutional requirement of standing. Compare Penrod v. Zavaras, 94 F.3d 1399, 1403 (plaintiff who alleged that lack of access to law library left him with nothing to read lacked standing to bring § 1983 claim).

Bedford also claims that he was given inadequate physical exercise. The detention center's policy is to provide inmates with opportunities for exercise. In its Martinez report, the prison documents that Bedford was offered the opportunity to exercise numerous times and that he refused. Bedford failed to come forward with any evidence on this issue, and thus has not met his burden on summary judgment of demonstrating a triable issue. We thus affirm the district court's grant of summary judgment on this claim.

Bedford also claims that he was given cleaning supplies without warnings or use instructions; that he was served food on tables that had not been cleaned after a previous meal; and that he was exposed to tuberculosis through the jail's ventilation system. With regard to the two former claims, Bedford fails to point to any jail policies in these areas or any actions taken by Sharp individually, precluding liability, as discussed above. Bedford fails to allege any facts in support of his tuberculosis claim. Thus, as to these claims as well we affirm the district court's grant of summary judgment.

Finally, Bedford alleges that he was "locked down" on Thanksgiving and Christmas because of inadequate staffing levels at the jail. The allegation that he was confined to his cell during these holidays is insufficient as a matter of law to establish that the lock-down was intended as punishment. To the contrary, Bedford's own description of the lock-down as resulting from staff shortages supports the prison's assertion that lock-downs are necessary for security and rotation of staff. Because the prison has articulated a legitimate objective in implementing occasional lock-downs, an objective Bedford does not contest, we affirm the district court's grant of summary judgment on this issue.

For the reasons stated above, we AFFIRM the grant of summary judgment to the defendant on all claims other than the defendant's First Amendment claim regarding the prison's no-photographs policy. On that issue we REVERSE and REMAND to the district court for further proceedings consistent with this

opinion.  In addition, on remand the district court should consider plaintiff's claim for monetary relief.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge