**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODNEY A. SMITH,

     Plaintiff - Appellant,

v.

SUSAN BARKER; JERRY ROARK;
NANETTE THOMAS; SHAWNA
GONZALES; DIANNA MILENSKI;
STEVEN SALAZAR; MARSHALL
GRIFFITH; PPMU MR. COOK;
SANDRA BROWN; ANTHONY A.
DECESARO,

     Defendants - Appellees.

No. 19-1469
(D.C. No. 1:19-CV-02340-LTB-GPG)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Rodney A. Smith appeals from an order of the United States District Court for the District of Colorado. The district court dismissed Smith's civil rights complaint as legally frivolous pursuant to the provisions of 28 U.S.C. § 1915(e). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

Smith filed a 42 U.S.C. §§ 1981 and 1983 civil rights complaint in the District of Colorado, which named as defendants various officials and employees of the Colorado Department of Corrections. The complaint alleged the defendants (1) violated his constitutional right of access to the court by denying him copies of certain Louisiana statutes he wished to attach to state-court pleadings; and (2) interfered with his "contractual right" to receive copies of those same statutes. In response, the district court filed an "Order Directing Plaintiff to File Amended Complaint." The district court's order identified, inter alia, the following deficiency in Smith's complaint: the failure of the complaint to allege specific facts that demonstrated an actual injury to his ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996). After Smith filed an amended complaint, the matter was referred to a magistrate judge for initial screening and preparation of a report and recommendation. 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that Smith's complaint be

dismissed as legally frivolous pursuant to the provisions of § 1915(e)(2)(B)(i). In that regard, the magistrate judge noted as follows with regard to Smith's access-to-the-courts claim:

> Despite the specific instructions provided to Mr. Smith, he fails to allege facts that demonstrate he suffered any actual injury as a result of being denied copies of the Louisiana statutes he sought to include as exhibits with his opening brief. More specifically, Mr. Smith fails to describe the underlying cause of action that allegedly was lost in order to demonstrate the claim is not frivolous. His vague and conclusory assertions that his current Colorado sentence was enhanced by prior State of Louisiana convictions and that he wanted to submit copies of the Louisiana statutes with his opening brief are not sufficient to demonstrate actual injury. Even if the Court assumes Mr. Smith needed copies of the statutes to formulate a claim in his opening brief, the access to the courts claim still lacks merit because he does not allege facts describing a nonfrivolous claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (prisoner's allegations that he was unable to research and prepare initial pleadings were too conclusory to present a plausible claim for denial of access to the courts). As a result, the Court finds that the access to the courts claim is legally frivolous.

Report & Recommendation at 5 (citation omitted). As to the § 1981 claim, the magistrate judge recognized Smith failed to identify any support for the conclusory assertion that he had a contractual right to obtain copies of the Louisiana statutes. Upon de novo review, the district court adopted the magistrate judge's report and recommendation and dismissed Smith's complaint with prejudice.

This court reviews de novo the district court dismissal of Smith's complaint as legally frivolous. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).

-3-

Upon de novo review, we affirm the district court for substantially those reasons set out in the magistrate judge's report and recommendation, dated June 7, 2016, and the district court's order, dated November 4, 2019. In addition, this court notes that Smith's reliance on *Petrick v. Maynard*, 11 F.3d 991 (10th Cir. 1993), is misplaced. In *Petrick*, the prisoner complaint at issue contained enough information to discern the possibility of a nonfrivolous attack on out-of-state sentences used to enhance the prisoner's Oklahoma sentence. Smith's amended complaint, on the other hand, contains absolutely no information about the nature, or potential timeliness, of the anticipated collateral attack on his Louisiana convictions. There is nothing in *Petrick* indicating that the mere assertion a prisoner wants to collaterally attack an out-of-state sentence used to enhance a current sentence is sufficient, standing alone, to satisfy the requirements of *Lewis*, 518 U.S. at 349-55. Accordingly, the order of the district court dismissing Smith's complaint as legally frivolous is hereby **AFFIRMED**. Furthermore, because Smith has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised" in this appeal, we **DENY** his

request to proceed in forma pauperis and order him to immediately remit the entire unpaid balance of the appellate filing fee. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge