131 F.3d 593
 Earl WHITE, Plaintiff-Appellant,
v.
Kenneth McGINNIS, Director, Michigan Department of
Corrections; Terry Pitcher, Warden; Dave Gundy, Deputy
Warden; Rick Sharp, Resident Unit Manager; Paul R. Knelb,
Assistant Resident Unit Manager; Joe Verschave,
Psychiatrist, Defendants-Appellees.
 No. 96-2221.
 United States Court of Appeals,
Sixth Circuit.
 Submitted on briefs of the
appellant Dec. 1, 1997.
 Decided Dec. 10, 1997.
 
 1
 Earl White (briefed), Munising, MI, Plaintiff-Appellant pro se.
 
 
 2
 Wallace T. Hart, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants-Appellees.
 
 
 3
 Before: MERRITT, BATCHELDER, and FARRIS,* Circuit Judges.
 
 ORDER
 
 4
 Earl White appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983 without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
 
 
 5
 White filed his complaint in the district court alleging that the defendant Michigan prison officials retaliated against him after he filed a lawsuit against another Michigan prison official. Plaintiff named defendants in their individual and official capacities and sought declaratory and injunctive relief and compensatory and punitive damages. The district court reviewed the complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint sua sponte without prejudice in part for failure to exhaust available state administrative remedies pursuant to 42 U.S.C. § 1997e(c)(2). This timely appeal followed, and the district court denied plaintiff leave to proceed in forma pauperis on appeal. This court also denied plaintiff pauper status, and plaintiff has now paid the appellate filing fee.
 
 
 6
 In his brief on appeal, plaintiff contends that: (1) Michigan's grievance procedures are inadequate to redress his claims; and (2) his complaint is not precluded because of his earlier lawsuit against another Michigan prison official. Defendants have notified the court that they do not intend to file a brief on appeal unless directed to do so by the court. Upon consideration, the district court's judgment will be affirmed because plaintiff did not exhaust administrative remedies before filing suit as required under 42 U.S.C. § 1997e(a).
 
 
 7
 Generally, the dismissal of a complaint under 28 U.S.C. § 1915A is reviewed by this court de novo. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Wright v. Morris, 111 F.3d 414, 418 (6th Cir.1997). This exhaustion requirement applies only to cases filed on or after the April 26, 1996 effective date of the PLRA. Id.
 
 
 8
 Here, the district court properly dismissed plaintiff's complaint. The exhaustion requirement is applicable to plaintiff because, although his claims arose in 1995, he did not file his complaint until August 15, 1996. As noted by the district court, it is clear from plaintiff's complaint that plaintiff filed a Step I administrative grievance regarding his claims, but did not pursue an appeal of the denial of the grievance. Although plaintiff makes the conclusory allegation that Michigan's administrative process is inadequate to redress his grievance, plaintiff does not allege that he is precluded from exhausting his administrative remedies at this point. See id. at 417 n. 3, 420 n. 10. Moreover, plaintiff is free to refile his claims in the district court after efforts to exhaust administrative remedies because the district court dismissed his complaint without prejudice. Under these circumstances, the district court properly dismissed plaintiff's complaint on this basis.
 
 
 9
 However, it is noted that plaintiff's complaint is not barred on the basis that plaintiff filed an earlier civil rights complaint against another Michigan prison official. Although plaintiff noted that an earlier lawsuit involved the same facts involved in the instant action, examination of plaintiff's allegations reflects that the same facts are involved only to the extent that plaintiff alleges herein that he suffered retaliation as a result of filing the earlier lawsuit. Therefore, it appears that the district court's conclusion that this case is precluded by the earlier filing is mistaken. Accordingly, plaintiff's complaint is not barred on this basis.
 
 
 10
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation