**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY WILLIAM DICKEY,

      Plaintiff-Appellant,

vs.

AARON D. KENNARD, Sheriff;
PAUL CUNNINGHAM, Captain; J.
MERRICK, Lieutenant,

      Defendants-Appellees.

No. 97-4206
(D.C. No. 97-CV-782)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

Mr. Dickey, a state prisoner appearing pro se and in forma pauperis, appeals from the district court's dismissal of his § 1983 complaint without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

remand.

We review the district court's dismissal for failure to exhaust administrative remedies de novo. See White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997). Mr. Dickey's complaint was filed after April 26, 1996 and is accordingly governed by the requirements of the Prison Litigation Reform Act of 1995. See Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996). Section 1997e(a) provides, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement is generally mandatory. See Garrett v. Hawk, 127 F.3d 1263, 1265 (10th Cir. 1997).

It is clear from the record that Mr. Dickey exhausted one of the six claims he alleged in his complaint, see R. doc. 9 attch. (letter regarding certification of exhaustion), and on the record before us it is not clear that Mr. Dickey has failed to exhaust his remaining claims. Though the Sheriff's Office claims that "[r]ecords do not exist that indicate [Mr. Dickey] made . . . attempts to resolve the conflicts" internally, id., Mr. Dickey attached as exhibits to his verified complaint the grievances he filed relating to his remaining uncertified claims. See id. doc. 3 attch. (Inmate Request and Grievance Forms filed from October 2, 1995 to May 17, 1996). Given that apparent conflict, the district court did not

2

address whether Mr. Dickey's efforts were adequate to satisfy any existing exhaustion requirements, which are not jurisdictional. See Alexander v. Kelly, No. 93-1030-LFO, 1996 WL 537205, *1 (D.D.C. 1996); Wright, 111 F.3d at 420-21; Lacey v. C.S.P. Solano Medical Staff, 990 F. Supp. 1199, 1202-03 (E.D. Cal. 1997). See also Harris v. Champion, 15 F.3d 1538, 1555 (10th Cir. 1994) (in habeas context, exhaustion may be excused where unjustified delay by state).

REVERSED and REMANDED for further proceedings.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge