**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEFFREY S. COLLIER,

      Plaintiff-Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS, Secretary of
Corrections and all wardens of every
facility in Kansas,

      Defendants-Appellees.

No. 99-3240

(D. C.  No. CV-99-3220-GTV)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, and **BALDOCK** and **HENRY**, Circuit Judges.

Jeffrey S. Collier, a prisoner in the custody of the Kansas Department of

Corrections, filed this action pursuant to 42 U.S.C. § 1983 seeking a court order directing

prison officials to circulate to Mr. Collier's fellow inmates a proposed class action

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

petition challenging Department of Corrections practices and policies.[1] The district court

dismissed this action without prejudice, noting that 42. U.S.C. § 1997e(a) requires

prisoners to exhaust "such administrative remedies as are available" and that "[t]here is

nothing in the record to indicate that [Mr. Collier] sought review by the Secretary of

Corrections" of a deputy warden's refusal to distribute Mr. Collier's class action petition.

Rec. doc 3., at 1.

We review the district court's dismissal for failure to exhaust administrative

remedies de novo. See White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997). Upon

review of the record, we agree with the district court. There is no indication that Mr.

Collier pursued available administrative remedies. Although his appellate brief discusses

the deputy warden's refusal to permit circulation of the petition, it does not address the

formal Department of Corrections grievance process to which the district court referred.

Mr. Collier points out that he cannot bring a class action at the administrative level, see

Aplt's Br. at 2, but he has failed to explain why he could not use the formal grievance

process to pursue the request that he initially made to the deputy warden. Indeed, he

appears to acknowledge that he "could complete administrative remedies." Id.

Accordingly, we AFFIRM the district court's dismissal of Mr. Collier's complaint

---

[1] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. 34(a); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

without prejudice.

Entered for the Court,

Robert H. Henry
Circuit Judge