**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY WILLIAM DICKEY,

Plaintiff-Appellant,

v.

J. MERRICK, Lieutenant;
MATTINGLEY, Sgt.; BEEMUS, Lt.;
NELSON, Officer; GAMVROULAS,
Officer; RENFRO, Officer,

Defendants-Appellees.

No. 03-4073

(D.C. No. 2:97-CV-782-TC)

(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

Plaintiff Jerry Dickey, appearing pro se, appeals the district court's grant of

Defendants' motion for summary judgment. We exercise jurisdiction under 28

U.S.C. § 1291.

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Plaintiff's suit arises from beatings that he suffered at the hands of other inmates on October 16, 1995, and April 30, 1996, at the Salt Lake Metro Jail, where he was incarcerated while awaiting trial for murder. Defendants were jail officials at the time. Plaintiff sued under 42 U.S.C. § 1983, alleging that Defendants violated the Fourteenth Amendment by failing to protect him from his fellow inmates.

The United States District Court for the District of Utah, following Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), ordered a report on the incidents. After receiving the report, the court granted summary judgment to Defendants. The district court held that Plaintiff had failed to exhaust available administrative remedies on his claim arising from the April 30, 1996, assault, and that Plaintiff could not demonstrate deliberate indifference to his safety by jail officials prior to the October 16, 1995, assault. We must reverse and remand, however, because Defendants never filed a motion for summary judgment.

Plaintiff's appeal presents four issues. Plaintiff contends that (1) he exhausted all available remedies on his claims; (2) he has adequately demonstrated Defendants' deliberate indifference; (3) he received inadequate notice of summary judgment requirements and did not receive Defendants' motion for summary judgment; and (4) the district court improperly denied his request for

appointed counsel. Our resolution of the third issue is sufficient to decide this appeal.

**Procedural History**

Plaintiff filed his original complaint in October 1997. On December 1, 1997, the district court dismissed Plaintiff's complaint without prejudice for failure to exhaust administrative remedies. Plaintiff appealed, and on September 2, 1998, we reversed and remanded, ruling that it was clear from the record that Plaintiff had exhausted at least one of his six claims, and unclear that he had failed to exhaust the others. See Dickey v. Kennard, 156 F.3d 1243 (10th Cir. 1998) (unpublished).

After the district court dismissed certain claims and defendants, Plaintiff filed an amended complaint, which Defendants answered. The magistrate judge subsequently directed Defendants to prepare a Martinez report addressing Plaintiff's failure-to-protect claims and whether Plaintiff had exhausted administrative remedies on these claims. The order concluded:

> The report shall be filed within forty-five (45) days of this Order and will clearly state, along with the report, if the defendants are seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff may file a response within thirty (30) days of [service] of the Martinez report.

R., Vol. II, Doc. 64.

Defendants filed the report on June 16, 2000. On the final page of the report, Defendants state, "For the foregoing reasons, [Defendants] respectfully request that the court find that [Plaintiff's] claim of failure to protect is frivolous and should be dismissed." Aplee. App. at 168. But they then add, "If the court finds insufficient evidence to dismiss [Plaintiff's] case based upon the filing of this Martinez report, the defendants *will* file a Motion for Summary Judgment pursuant to [Rule] 56 of the Federal Rules of Civil Procedure." Id. (emphasis added). Defendants certified that they mailed a copy of the report to Plaintiff on June 16, 2000.

According to the district court's docket sheet, the Martinez report was docketed both as a report and as a motion for summary judgment, apparently on February 27, 2001. There is no indication in the record on appeal that the district court ever informed Plaintiff that it would treat the report as a motion for summary judgment. Plaintiff did not respond to the report, and never filed a response to a motion for summary judgment.

The district court then required Defendants to supplement the Martinez report to clarify factual issues regarding the grievance process at Salt Lake Metro Jail. On February 19, 2003, the district court granted summary judgment to Defendants. The district court denied, without explanation, Plaintiff's motion for reconsideration, and Plaintiff timely appealed to this court.

**Notice of Summary Judgment**

Plaintiff argues on appeal that "[t]he lower court issued a ruling based on a motion for summary judgment that I never received or was given useful instructions on procedures to effect a summary judgment." Aplt. Br. at 4. Defendants do not address this argument in their brief. Plaintiff preserved this issue below when he argued in his motion for reconsideration that he lacked notice that the district court intended to treat the Martinez report as a motion for summary judgment.

We have previously stated that "[a] *Martinez* report is treated like an affidavit," Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991), and "*Martinez* reports have been used in this circuit almost exclusively to provide the court preliminary information, furnished by prison administration personnel, in pro se cases brought by prisoners against prison officials," Ketchum v. Cruz, 961 F.2d 916, 920 n.3 (10th Cir. 1992). Thus, a Martinez report ordinarily is not a motion, much less a motion for summary judgment.

But even assuming that there are situations in which a Martinez report may be construed as a motion, this was not such a case. The magistrate judge instructed Defendants to "clearly state, along with the report, if the defendants are seeking summary judgment . . . ." R., Vol II., Doc. 64. Defendants stated, at the end of the report, "If the court finds insufficient evidence to dismiss [Plaintiff's]

case based upon the filing of this Martinez report, the defendants will file a Motion for Summary Judgment . . . ." Aplee. App. at 168. This was not a clearly stated motion for summary judgment.

As we wrote in <u>Hall</u>, "[d]istrict courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings." 935 F.2d at 1111 (internal quotation marks omitted). Failure to provide proper notice requires reversal here.

**Conclusion**

REVERSED and REMANDED to the district court for further proceedings. Plaintiff's motion to proceed without prepayment of the appellate filing fee is GRANTED. We remind Plaintiff that he remains obligated to make partial payments toward the appellate filing fee until it is paid in full.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge