**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 4, 2006**

**TENTH CIRCUIT**

JERRY WILLIAM DICKEY,

    Plaintiff-Appellant,

v.

LIEUTENANT J. MERRICK;
SERGEANT MATTINGLEY;
LIEUTENANT BEEMUS; OFFICER
NELSON; OFFICER
GAMVROULAS; and OFFICER
RENFRO,

    Defendants-Appellees.

No. 05-4289

(D.C. No. 2:97-CV-782-PGC)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

    After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

resolution of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore

ordered submitted without oral argument.

    Appellant is a state prisoner, appearing pro se, who commenced this action

in 1997, claiming that he was assaulted and injured by other inmates while

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

incarcerated at the Salt Lake County Metro Jail. Appellant brought this action under 42 U.S.C. § 1983, alleging that prison employees knew he would face a substantial risk of serious harm if exposed to other inmates at the jail but deliberately disregarded that risk, causing him to be attacked and injured.

When this action was first filed, the district court dismissed Appellant's complaint for failure to exhaust administrative remedies. On appeal, we determined that the record was insufficient to support a dismissal for failure to exhaust and thus reversed and remanded for further proceedings. *Dickey v. Kennard*, 156 F.3d 1243 (10th Cir. 1998). Following remand, Appellant was allowed to file an amended complaint. The district court then directed the named Appellees to file a *Martinez* report addressing whether Appellant had exhausted all administrative remedies. Appellees filed a *Martinez* report, which was erroneously docketed as a Motion for Summary Judgment. Appellant did not respond to the *Martinez* report, but instead filed a series of unsupported motions, including motions for injunctive relief. The district court ordered additional briefing from both parties, to which Appellant did not respond. On February 19, 2003, the district court again dismissed all but one of Appellant's claims, and granted summary judgment to the Appellees on the only exhausted claim.

Appellant again appealed to this court and we again reversed, concluding that the award of summary judgment on the one exhausted claim was improper because Appellees never filed an actual summary judgment motion and

-2-

consequently Appellant was not given adequate notice or opportunity to respond. *Dickey v. Merrick*, 90 Fed. Appx. 535 (10th Cir. 2003). Following this second remand, the district court invited Appellees to file an actual motion for summary judgment and instructed Appellant that he must respond. Appellant did not respond directly, but instead renewed his motion for injunctive relief, asserting that prison officials were denying him access to his legal materials. The district court then ordered the Utah Attorney General's office to investigate and file a report addressing the legal access concerns. After receiving the report and allowing Appellant an opportunity to respond, the court denied his motion for injunctive relief. Appellant was also directed to respond to Appellee's summary judgment motion and was given additional reminders and twice the allotted sixty days in which to do so. Appellant did not respond to the pending motion for summary judgment, and the district court denied his additional motions for injunctive relief and granted summary judgment to Appellees. Order, 15 (D. Utah Sept. 28, 2005).

Appellant claims that he was attacked twice by other inmates while in the county jail. The district court found nothing in the record where Appellant stated any injuries from the second attack. We therefore agree with the district court's grant of summary judgment to Appellees on the second attack. *Id*. at 11-12. As to the first attack, the district court analyzed Appellant's claim under the *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), test. Although the district court found that

Appellant satisfied the first prong—showing that the conditions of his incarceration posed a substantial risk of serious harm—he failed to satisfy the second prong. Order, at 9-12 (noting that Appellant was involved in the murder of an influential gang member and was being held in protective custody). The second prong of the test requires Appellant to establish that the prison official was deliberately indifferent to his health and safety. The district court carefully reviewed Appellant's claim but found that Appellant had made an informed decision to risk his own safety by choosing to go to the recreation yard when inmates "on the behavior modification tier" were present. *Id*. at 13. Appellant was given the option to go into the yard under those terms and was subsequently attacked. We agree that Appellant did not "satisfy his burden on summary judgment of setting forth specific facts showing that [Appellees] were deliberately indifferent to his safety concerns." *Id*. at 14.

We have carefully reviewed the briefs of Appellant and Appellees, the district court's disposition, and the record on appeal, and for substantially the same reasons as the district court stated in its order of September 28, 2005, we **AFFIRM** the denial of Appellant's additional claims and the grant of summary judgment for Appellees. We deny Appellant's motion to pay the filing fee in

partial payments and order immediate payment of the unpaid balance due on his filing fee.

Entered for the Court


Monroe G. McKay
Circuit Judge