**Ronald H. BAINUM, Plaintiff–Appellant,**

v.

**SEDGWICK COUNTY COMMISSIONERS; Mike Hill, Sheriff; Dwayne Wright, Jail Administrator; Unified Government of Sedgwick County, Kansas, Board of Commissioners, Defendants–Appellees.**

No. 01–3207.

United States Court of Appeals, Tenth Circuit.

Dec. 21, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT [*]

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to honor the appellant's request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f). The case is therefore submitted without oral argument.

Mr. Bainum, a state prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint, in which he alleged various constitutional violations concerning his four-day confinement in a holding cell at the Sedgwick County Adult Detention Center (the "Center") during his criminal trial. Upon consideration of Mr. Bainum's brief and review of the record, we exercise jurisdiction pursuant to 28 U.S.C. § 1291. Because we conclude that the district court prematurely dismissed one of Mr. Bainum's claims, we affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

Construed in favor of Mr. Bainum, his complaint indicates that he appeared at the Sedgwick County Courthouse for his four-day jury trial at noon on June 14, 1999. He was arrested shortly thereafter, and, during his four-day trial, detained in the booking section of the Center. There, Mr. Bainum endured several deprivations, namely the denial of (1) basic hygiene, including showers, dental, shaving and "ability to waste," *see* Rec. doc. 1, at 4 ¶ 9; (2) phone privileges, precluding communication with his attorney; (3) law library and writing material access; and (4) a bed on which to sleep. Mr. Bainum contends that the criminal trial judge directed the detention center's officers to provide Mr. Bainum with showers, but that they did not comply with that directive. He maintains that these conditions constituted inhumane treatment that violated his right to due process and the Eighth Amendment's ban on cruel and unusual punishment.

The district court concluded that although conditions in the jail during plaintiff's stay "may have been restrictive and unpleasant" they did not constitute punishment in violation of his constitutional

---

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

rights. Rec. doc. 3, at 2 (dist. ct. order filed June 22, 2001). The district court concluded that "the complaint should be dismissed" because Mr. Bainum could "state no claim for relief under § 1983." *Id.* (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

## II. DISCUSSION

We review the sufficiency of a complaint de novo, upholding a dismissal for failure to state a claim only where the plaintiff failed to plead facts which, if proved, would entitle him to relief. *See Perkins v. Kansas Dep't of Corrections,* 165 F.3d 803, 806 (10th Cir.1999) (establishing de novo standard of review for a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim). A district court may sua sponte dismiss a pro se complaint for failure to state a claim only where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged, and allowing the plaintiff an opportunity to amend the complaint would be futile. *See id.; Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

A pro se plaintiff is entitled to a liberal construction of his pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). This "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall,* 935 F.2d at 1110. However, it is not the proper function of the district court to assume the role of advocate for the pro se litigant. *See id.* We "will not supply additional facts, [or] con-struct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir.1989).

### A. Claim for Denial of Access to the Courts

In order to establish a claim for denial of access to the courts, a pretrial detainee must demonstrate that the alleged deprivations "hindered his efforts to pursue a legal claim." *McBride v. Deer,* 240 F.3d 1287, 1290 (10th Cir.2001) (quoting *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Here, as to Mr. Bainum's alleged deprivation of phone privileges, legal and writing materials, and the ability to communicate with counsel, he alleges no actual injury. *See Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Lewis,* 518 U.S. at 349, 116 S.Ct. 2174; *Cosco v. Uphoff,* 195 F.3d 1221, 1224 (10th Cir. 1999). Therefore, we agree with the district court that Mr. Bainum has failed to state a claim for denial of access to the courts. *See Petrick v. Maynard,* 11 F.3d 991, 995 (10th Cir.1993) (noting that "a prisoner must do more than make a conclusory allegation of need for unspecified or unlimited materials").

### B. Claim Regarding Other Conditions of Confinement

While the conditions under which a prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Bell v. Wolfish,* 441 U.S. 520, 535 & n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). "Although the Due Process Clause governs a pretrial detain-

ee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998) (citation omitted). The Eighth Amendment requires jail officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir.1998); *see also Ramos v. Lamm,* 639 F.2d 559, 568 (10th Cir.1980) (holding that prison officials must provide "reasonably adequate ventilation, sanitation, bedding, hygiene materials, and utilities (i.e. hot and cold water, light, heat, and plumbing")).

■ To hold a prison official personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of a subjective and an objective component. *See id.* The subjective component is satisfied only if the " '[prison] official knows of and disregards an excessive risk to inmate health and safety.' " *Barney,* 143 F.3d at 1310 (quoting *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "It is not enough to establish that the official should have known of the risk of harm." *Id.*

■ The objective component requires that the alleged deprivation be "sufficiently serious." *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Jail conditions may be " 'restrictive and even harsh' " without violating constitutional rights. *Barney,* 143 F.3d at 1311 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). "[O]nly those deprivations de-

nying the minimal civilized measure of life's necessities ... are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson,* 501 U.S. at 298, 111 S.Ct. 2321 (internal quotation marks and citation omitted).

■ As to both components, our inquiry turns not only on the severity of the alleged deprivations, but also on their duration. *See Barney,* 143 F.3d at 1311 ("An important factor in determining whether the conditions of confinement meet constitutional standards is the length of the incarceration."). Additionally, when, as in this case, a claim involves a number of inhumane confinement conditions, the court must bear in mind that:

> We have held that a situation involving filthy cells, poor lighting, inadequate ventilation or air cooling, and unappetizing food "simply [did] not rise to the level of a constitutional violation" where prisoners were exposed to the conditions for only forty-eight hours. In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations of shelter, food, drinking water, and sanitation may meet the standard despite a shorter duration.

*DeSpain v. Uphoff,* 264 F.3d 965, 973 (10th Cir.2001) (citations and internal quotation marks omitted); *accord Mitchell v. Maynard,* 80 F.3d 1433, 1442–43 (10th Cir. 1996) (stating that "[i]t is important to consider the conditions of confinement as a whole" and citing cases where deprivation of human needs found to be Eighth Amendment violation); *Johnson v. Lewis,* 217 F.3d 726, 733 (9th Cir.2000) (denying motion for summary judgment where plaintiff alleged a variety of deprivations,

including inaccessibility of toilets, over a four-day period); *cert. denied,* —— U.S. ——, 121 S.Ct. 2215, 150 L.Ed.2d 209 (2001); *Fruit v. Norris,* 905 F.2d 1147, 1151 (8th Cir.1990) (stating that "courts have been especially cautious about condoning conditions that include an inmate's proximity to human waste").

██ Here, Mr. Bainum's complaint alleges that, for a four-day period from June 14, 1999 through June 17, 1999, he was "without a bed or mattress, no shower or ability to waste, shave, brush his teeth or any other hygiene needed during the course of his 4 day jury trial." Rec. doc 1, at 4 (Complaint filed June 5, 2001). In our view, that section of the complaint is ambiguous, particularly with regard to the allegation that Mr. Bainum was without "the ability to waste" for four days.

██ We have noted that "human waste has been considered particularly offensive so that 'courts have been especially cautious about condoning conditions that include an inmate's proximity to [it].'" *McBride v. Deer,* 240 F.3d 1287, 1291 (10th Cir.2001) (quoting *Fruit,* 905 F.2d at 1151). Although it is unclear to what conditions Mr. Bainum refers when he asserts that he was without "the ability to waste" for four days, we cannot say at this Fed.R.Civ.P. 12(b)(6) dismissal stage that it would be futile to allow him an opportunity to amend his complaint to clarify the specific conditions regarding the inability to waste to which he was allegedly subjected during his confinement[1] We therefore conclude

that the district court erred, at this stage, in dismissing Mr. Bainum's complaint as to his contention that he was denied access to waste facilities.

Accordingly, the judgment of the district court is AFFIRMED in part and REVERSED in part and the case is REMANDED for further proceedings consistent with this opinion.

██

---

1. We note that Mr. Bainum paid the district court filing fee in full and never moved to proceed in forma pauperis in that court. As a result, the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) was incorrect. However, a complaint may also be dismissed sua sponte under Fed.R.Civ.P. 12(b)(6) on similar grounds—if it is patently obvious that he could not prevail on the facts alleged and that allowing him an opportunity to amend would be futile. *See Whitney v. New Mexico,* 113 F.3d 1170, 1173 (10th Cir.1997). We thus review Mr. Bainum's complaint under that standard.