**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SANDRA MARSH,

          Plaintiff-Appellant,

v.

TOM NEWTON, Warden,

          Defendant-Appellee.

No. 97-2157
(D.C. No. CIV-94-1045-JP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals[1] several district court orders entered in her 42 U.S.C. § 1983 litigation challenging the conditions at the New Mexico Women's Corrections Facility. Upon consideration of the record and the parties' briefs, we affirm.

The district court correctly dismissed plaintiff's claims for injunctive and declaratory relief challenging a variety of prison disciplinary and drug testing procedures, holding these claims are barred by the consent decree in Duran v. King, No. 77-721 (D. N.M.), and must, instead, be asserted within that action. See Facteau v. Sullivan, 843 F.2d 1318, 1319-20 (10th Cir. 1988).

The district court also did not err in dismissing plaintiff's claims seeking the restoration of good time credits, without prejudice, as unexhausted habeas claims. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)). To the extent that plaintiff asserted an equal protection claim alleging disparities between male and female inmates in their

---

[1]    On appeal, plaintiff does not challenge the district court's decision precluding her from pursuing this litigation as a class action, dismissing her claims asserted against several state employees in their official capacities, and dismissing her claims against the governor of New Mexico.

Further, on appeal, plaintiff abandons her claims challenging the inadequacy of the prison's facilities for handicapped inmates, the lack of opportunities for women inmates to learn and develop parenting skills, and her challenge to the prison rule requiring women inmates to wear a bra.

receipt of good time credits, those allegations will be addressed along with plaintiff's other equal protection claims.

The district court did not abuse its discretion in dismissing as frivolous under 28 U.S.C. § 1915(d),[2] see Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997), plaintiff's claims asserting inadequacies in prison staffing, and work and school release programs. Plaintiff did not assert any equal protection challenge to these issues[3], nor did these claims, as alleged, implicate any federal right.

The district court also did not err in dismissing, for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), plaintiff's allegations as to the disparity between the quality of clothing and shoes, the number of personal hygiene items, and the amount of toilet paper issued to male and female inmates.

The district court granted defendant summary judgment on plaintiff's remaining claims. We review summary judgment decisions de novo, viewing the

---

[2]    Section 1915(d) is now codified at 28 U.S.C. § 1915(e)(2)(B)(I).

[3]    For the first time on appeal, plaintiff asserts a vague equal protection challenge to the work release program, arguing that prison authorities find a significant number of work release jobs for male inmates. In her reply brief, she also asserts that her claim challenging the school release program should be considered an equal protection claim. Absent jurisdictional or manifest error, which is not present here, this court will not address issues raised for the first time on appeal. See Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995). In any event, these equal protection claims fail for the same reasons plaintiff's other equal protection claims lack merit.

record in the light most favorable to the nonmoving party.  See, e.g., Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1360-61 (10th Cir. 1997).  Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).

Plaintiff asserted that prison officials deprived her of procedural due process when she lost her prison job because of a subsequently dismissed disciplinary report, she was improperly denied visitation because of a disciplinary report, before a disciplinary officer had found her guilty of that offense, and she received a minor incident report.  Plaintiff, however, failed to establish that these challenged proceedings implicated a liberty interest that would be protected by due process.  She did not establish that these proceedings imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," nor that they "inevitably" affected the length of her sentence.  Sandin v. Conner, 515 U.S. 472, 484, 487 (1995).  The district court, therefore, did not err in granting defendant summary judgment on these procedural due process claims. See Allen v. Muskogee, 119 F.3d 837, 841 (10th Cir. 1997) (Rule 56(c) mandates entry of summary judgment against party who fails to make showing sufficient to establish existence of essential element of her case, upon which she would bear

burden of proof, citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)),

petition for cert. filed, 66 U.S.L.W. 3428 (U.S. Dec. 11, 1997) (No. 97-970).

Plaintiff alleged a number of equal protection claims challenging a variety of prison conditions. The district court granted defendant summary judgment on these claims, holding that plaintiff had failed to allege any personal injury resulting from the purportedly disparate treatment of male and female inmates.

Plaintiff's failure to allege that she suffered an actual injury resulting from the inaccessibility of the law library is fatal to that claim. See Lewis v. Casey, 116 S. Ct. 2174, 2179-82 (1996). Plaintiff, however, did sufficiently allege that she had suffered actual injury as to the remainder of her equal protection claims. Nonetheless, we affirm the district court's grant of summary judgment for defendant on these claims for other reasons. See Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1255 (10th Cir. 1997) (this court may affirm for any reason supported by district court record).

The gist of plaintiff's remaining equal protection claims is that male inmates confined to prisons operated by the State of New Mexico receive more favorable treatment and programs than female inmates who are housed in a correctional facility operated by a private corporation through a contract with the State. Plaintiff specifically alleges disparities in recreational, educational, and vocational opportunities; community-based activities; work, pre-release and

prison farm programs; award of good time credits and lump sum awards; access to television; telephone systems; restrictions on visitation; and operation of a snack bar.

"To establish a gender-based claim under the Equal Protection Clause, [plaintiff] must, as a threshold matter, demonstrate that [she has] been treated differently by a state actor than others who are similarly situated simply because [plaintiff] belong[s] to a particular class."[4] Keevan v. Smith, 100 F.3d 644, 647-48 (8th Cir. 1996); see also Women Prisoners of Dist. of Columbia Dep't of Corrections v. District of Columbia, 93 F.3d 910, 924 (D.C. Cir. 1996), cert. denied, 117 S. Ct. 1552 (1997); Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994).

Plaintiff's general allegations that male inmates receive better opportunities and more favorable treatment in New Mexico facilities than female inmates are insufficient to survive summary judgment. Rather, plaintiff must assert evidence establishing that the particular male inmates to which she refers are similarly situated to herself. That analysis requires consideration of a number of factors,

---

[4] We assume, for purposes of this analysis, that Corrections Corporation of America, the private company operating the women's prison, and its employees are state actors. See Richardson v. McKnight, 117 S. Ct. 2100, 2102, 2108 (1997) (declining to resolve issue of whether employee of private corporation operating prison pursuant to a contract with a state was a state actor for purposes of § 1983). Defendants do not argue to the contrary.

including the size of the prison populations in the facilities to be compared, the average length of sentences the inmates are serving, the inmates' security classifications, the types of crimes for which the inmates have been incarcerated, and any special characteristics. See Keevan, 100 F.3d at 648; see also Women Prisoners of Dist. of Columbia Dep't of Corrections, 93 F.3d at 924-25. If there are wide disparities in these types of factors as between the particular male prisons with which plaintiff seeks to compare the women's facility, the male and female inmates are not similarly situated and, therefore, any equal protection claim must fail. See Keevan, 100 F.3d at 648-50; Women Prisoners of Dist. of Columbia Dep't of Corrections, 93 F.3d at 924-26, 927; Klinger, 31 F.3d at 729, 731-32.

Plaintiff never initially specified which male inmates in New Mexico are similarly situated to herself. Accordingly, she did not submit any evidence comparing the factors relevant to determining whether these male inmate populations are similarly situated to plaintiff. Defendant, therefore, was entitled to summary judgment on plaintiff's equal protection claims. See Allen, 119 F.3d at 841.

Lastly, plaintiff asserts claims alleging that the warden, Defendant Newton, took, and caused other prison officials to take, various disciplinary actions against her in retaliation for her pursuit of protected First Amendment activities,

including her pursuit of litigation and administrative grievances, her activity as a "jailhouse lawyer" on behalf of other inmates, and her correspondence with state legislators. See generally Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir. 1990) (prison officials may not retaliate against inmate for exercising constitutional right, even where action taken in retaliation would otherwise be permissible). The relevant inquiry here is whether plaintiff presented sufficient evidence from which a fair-minded jury could infer that defendant subjected her to disciplinary action based, in part, upon an improper retaliatory motive. See id. at 949.

Plaintiff contends that she has established a triable issue of fact as to defendant's retaliatory motive in light of the timing of the disciplinary actions in relation to her protected conduct. Specifically, plaintiff alleged that, immediately after a conversation with the warden concerning her activities in assisting other inmates in the preparation of legal and administrative matters, plaintiff lost her job in the prison law library, based upon a disciplinary report that was later overturned. However, because plaintiff does not have a protected interest in providing legal assistance to other inmates, she cannot assert retaliation claims for such activities. See id. at 950.

Moreover, plaintiff has not established a link between her protected First Amendment activity and the disciplinary proceedings she asserts were retaliatory.

Because she was unable to establish a triable issue of fact as to whether defendant took disciplinary actions against her in retaliation for protected First Amendment activity, therefore, the district court did not err in granting defendant's motion for summary judgment.

The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge