FILED
United States Court of Appeals
Tenth Circuit

August 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS DOUGLAS CRAFT, JR.,

  Petitioner–Appellant,

v.

JUSTIN JONES, Director,

  Respondent–Appellee.

No. 11-6131
(D.C. No. 5:10-CV-01230-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

  Louis Douglas Craft, Jr., a state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

petition.  We deny a COA and dismiss the appeal.

**I**

  Craft was convicted on May 5, 2005, of assault and battery with a dangerous

---

  [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

  [1] Because Craft proceeds pro se, we construe his filings liberally.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

weapon for stabbing another man in the chest with a butter knife. On November 15, 2010, he filed a § 2254 petition alleging <u>Brady</u> violations, prosecutorial misconduct, and ineffective assistance of counsel. Craft argued new evidence showed he acted in self-defense and was therefore actually innocent. The district court granted the state's motion to dismiss Craft's petition on the grounds that the petition was untimely.

In his application for a COA, Craft argues that he is entitled to equitable tolling on the basis of his actual innocence claim. He also reiterates the habeas claims he presented in district court.

## II

Because Craft did not receive a COA from the district court, he may not appeal the district court's decision unless we grant a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires an applicant to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quotations omitted). Because the application was denied on procedural grounds without reaching any underlying constitutional claim, Craft must convince us "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Id. (emphasis added).

**A**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for § 2254 petitions. See 28 U.S.C. § 2244(d)(1). In this case, the AEDPA clock began to run from the later of two dates—either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244(d)(1)(A), or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," § 2244(d)(1)(D).

Because Craft did not file a petition for certiorari in the United States Supreme Court, his conviction became final on June 13, 2006, ninety days after the Oklahoma Court of Criminal Appeals affirmed his conviction. Pursuant to § 2244(d)(1)(A), Craft had until June 13, 2007, to file his federal habeas petition. See United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (one-year statute of limitations should be calculated using the anniversary date method). Craft did not file his petition until November 15, 2010, and thus under § 2244(d)(1)(A) his petition is time-barred.

Craft, however, contends that his AEDPA clock was triggered much later, on June 13, 2009—the date he claims he obtained new evidence in the form of an affidavit from Joshua Grams. Grams, a fellow prisoner, claimed to have been present during the stabbing for which Craft was convicted. According to Grams, Craft committed the

stabbing in self-defense after wresting the knife away from his would-be attacker.

Even crediting Grams' account, this affidavit fails to qualify as new evidence which would trigger § 2244(d)(1)(D). If as Grams claims, he was present during the stabbing, then Craft would have been aware that Grams was a witness to the event. Thus "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" was not June 13, 2009, the date of the affidavit, but instead July 14, 2004, the date of the stabbing. Craft was aware that Grams witnessed the stabbing, yet nothing in the record or briefing suggests that Craft exercised "due diligence" in attempting to obtain the testimony of Grams prior to June 2009, five years after the events in question. Thus, the one-year AEDPA clock began ticking on June 13, 2006.

**B**

Nor does Craft benefit from statutory or equitable tolling. The time during which a properly filed application for state post-conviction relief is pending tolls the AEDPA limitations period. § 2244(d)(2). Craft filed his first application for post-conviction relief in the state district court on August 21, 2006, before the expiration of the one-year limitation period under § 2244(d)(1)(A). The OCCA affirmed the denial of relief on May 30, 2007. Accordingly, the limitation period was tolled for 282 days and expired on March 21, 2008.

Craft filed a second application for state post-conviction relief on June 15, 2010.

However, because this second application was filed after the expiration of the one-year limitation period, Craft does not benefit from tolling during the pendency of this application. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Craft also seeks equitable tolling, claiming that the "new" evidence he proffers indicates he is actually innocent. See Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010) (a sufficiently supported claim of actual innocence creates an exception to procedural barriers for constitutional claims). Actual innocence means factual innocence. United States v. Gabaldon, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008). The district court correctly recognized that Craft's argument regarding self-defense implicated legal innocence, not factual innocence. See Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (claims of self-defense go to legal, not factual innocence).

### III

No reasonable jurist could debate whether the district court was correct in its procedural ruling to dismiss the § 2254 motion as untimely. We therefore **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge