FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LOUIS DOUGLAS CRAFT, JR.,

Plaintiff-Appellant,

v.

JOHN MIDDLETON, Assistant Warden;
DON POPE, Legal Program Director,

Defendants-Appellees.

No. 12-6245
(D.C. No. 5:11-CV-00925-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

Louis Douglas Craft, Jr., a state prisoner appearing pro se,[1] appeals the

dismissal of his 42 U.S.C. § 1983 civil rights action. Exercising our jurisdiction

under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Craft is proceeding pro se, "[w]e must construe his arguments
liberally; this rule of liberal construction stops, however, at the point at which we

(continued)

## I. BACKGROUND

Mr. Craft is an inmate in the custody of the Oklahoma Department of Corrections. In August 2011, he filed this § 1983 action pro se in the United States District Court for the Western District of Oklahoma. He alleged retaliation for the exercise of constitutional rights and violation of his right to meaningful access to the courts.

Mr. Craft's complaint alleged that on July 14, 2010, while housed at the Davis Correctional Facility ("DCF"), he was charged with misconduct and was subsequently found guilty of menacing. At his request, he was transferred on September 13, 2010, to the Cimarron Correctional Facility ("CCF")[2] and placed in the prison's Intensive Supervision Unit ("ISU"). According to prison policy, Mr. Craft's misconduct conviction and record made him eligible for placement in the prison's ISU, which attempts to control and modify disruptive inmate behavior. He alleged that the harsher confinement in ISU was retaliatory and limited his access to courts.

---

begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2] Both DCF and CCF are private prison facilities owned and operated by Corrections Corporation of America (CCA), which contracts with the Oklahoma Department of Corrections to house Oklahoma inmates.

Mr. Craft named as defendants John Middleton, assistant warden at CCF, and Don G. Pope, an attorney who contracts with CCF to provide its inmates with legal services.[3] The complaint asserted claims of "retaliations" and denial of "meaningful access to courts." Admin. R. at 20, 25. The district court construed Mr. Craft's retaliation claim to be against Warden Middleton and his access to courts claim to be against Mr. Pope.

The retaliation claim alleged that Mr. Craft was placed in ISU as an adverse action in retaliation for filing a civil suit in the United States District Court for the Eastern District of Oklahoma against DCF prison officials. His complaint identified that suit as "CV-10-375-RAW-SPS," Admin. R. at 25, which was filed on October 12, 2010.[4] The access to courts claim asserted that Mr. Pope failed to

---

[3] As we have done before, for our analysis of Mr. Craft's § 1983 claim, we will assume, and defendants do not contest, that defendants are state actors. *See e.g.*, *Phillips v. Tiona*, 2013 WL 239891, at *12 (10th Cir. Jan. 23, 2013) (unpublished) (noting that "[w]e have long assumed that employees of a private prison act under color of state law for purposes of § 1983 suits by inmates"); *Marsh v. Newton*, 1998 WL 39235, at *4 (10th Cir. Jan. 30, 1998) (unpublished) ("We assume, for purposes of this analysis, that Corrections Corporation of America, the private company operating the women's prison, and its employees are state actors."); *see also Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (recognizing that § 1983 liability requires violation of a constitutional right by a person acting under color of state law).

[4] In the district court proceedings, the magistrate judge took judicial notice of the docket in the United States District Court for the Eastern District of Oklahoma, which reflected an October 12, 2010, filing date. *See* Admin. R. at 653. We take judicial notice of the same. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010).

provide case law to him that was relevant to his federal habeas application under 28 U.S.C. § 2254, causing the application to be deficient and untimely filed.[5]

Warden Middleton moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Mr. Craft had failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Mr. Pope moved for summary judgment on the same basis and, additionally, on the merits of the access to courts claim. Pursuant to § 1997e(c), which directs a court to dismiss frivolous prison condition claims on its own motion, the magistrate judge recommended, without addressing exhaustion, dismissal of the retaliation claim for failure to state a valid claim. *See Woodford v. Ngo*, 548 U.S. 81, 101 (2006) (recognizing that PLRA's exhaustion requirement is not jurisdictional and district court may dismiss meritless claims without first addressing exhaustion). The magistrate judge also recommended granting summary judgment against Mr. Craft on the access to courts claim. The district court adopted these recommendations. Mr. Craft now appeals.

## II.  DISCUSSION

### A. *Dismissal of Retaliation Claim*

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *see, e.g.*, *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir.

_____

[5] Craft's habeas petition, *Craft v. Taylor*, Civ.-10-1230-HE (W.D. Okla.), was filed on November 15, 2010. *See* Admin. R. at 60.

1991) (prison officials may not retaliate for filing administrative grievances). The plaintiff must prove "that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). In other words, "a plaintiff must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted). And he "must allege *specific facts* showing retaliation." *Id.* (internal quotation marks omitted).

The magistrate judge concluded Mr. Craft failed to allege facts showing that 1) but for Warden Middleton's alleged retaliatory motive, Mr. Craft would not have been placed in ISU; 2) Warden Middleton personally participated in Mr. Craft's ISU placement; and 3) Warden Middleton had any knowledge of Mr. Craft's suit against DCF prison officials. Mr. Craft does not appeal the dismissal of his retaliation claim as against Warden Middleton. In fact, he states in his reply brief that the district court did not err in this regard. *See* Aplt. Reply Br. at 5.

Instead, his argument appears to be twofold: 1) the district court erred in failing to allow Mr. Craft to amend his complaint to substitute Joseph Taylor, warden at CCF, for Warden Middleton; and 2) Mr. Craft's complaint alleged a retaliation claim against Mr. Pope. We address each of these claims of error in turn.

1. **Amendment of Complaint**

Under Fed. R. Civ. P. 15(a)(1)(B), Mr. Craft could have filed an amended complaint as a matter of course within 21 days of Warden Middleton's Rule 12(b)(6) motion, but he did not. He was thereafter required to seek leave of the court to amend his complaint under Fed. R. Civ. P. 15(a)(2). *See U.S. ex. rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) ("Once the time for amendment as a matter of course has passed, pleadings can be amended only by consent of the opposing party or leave of the court."). Mr. Craft did not file such a motion to substitute Warden Taylor for Warden Middleton regarding retaliation for his October 2010 suit against DCF officials.[6]

Instead, in his objections to the magistrate judge's report and recommendation to dismiss the retaliation claim against Warden Middleton, Mr. Craft requested leave to substitute Warden Taylor for Warden Middleton, but did not submit a proposed amended complaint. The district court nonetheless treated Mr. Craft's request as a

---

[6] The record reveals that Mr. Craft filed a motion for leave to amend his complaint under Rule 15 on January 9, 2012, and a motion to file a supplemental amended complaint on February 2, 2012. But these proposed amendments attempted to assert claims against Warden Taylor and other CCF prison officials for alleged retaliatory conduct that occurred on August 31, 2011, in response to Mr. Craft's filing of the underlying action. The magistrate judge recommended denying these motions because they sought to assert unrelated claims against unrelated, different parties, and suggested that Mr. Craft file a separate complaint if he wished to pursue these new claims. *See* Admin. R. at 653-54. The district court adopted the recommendation. Mr. Craft does not appeal the denial of these motions.

proper motion for leave to amend but denied it as futile. The district court concluded that Mr. Craft's objection did not assert facts alleging Warden Taylor's personal participation, knowledge of the October 2010 suit against DCF officials, or a retaliatory motive and, thus, suffered from the same deficiencies as the original complaint against Warden Middleton. The district court also determined Mr. Craft did not establish a causal connection because the protected conduct — the filing of the October 2010 lawsuit against DCF officials — occurred *after* the alleged retaliatory placement in ISU in September 2010. *See* Admin. R. at 684.

We review the district court's denial of Mr. Craft's motion to amend for abuse of discretion. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). Although leave to amend is to be freely given when justice so requires, a motion to amend may be denied if the amendment is futile. *Id.* "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (internal quotation marks omitted). Where, as here, leave is denied "based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (internal quotation marks omitted).

We have reviewed the parties' briefs, the record on appeal, and the relevant legal authority. We conclude, as did the district court, that Mr. Craft failed to explain how his proposed amendment would cure deficiencies in his original complaint. *See Hall*, 584 F.3d at 868. We agree with the district court that the proposed

amendment was futile and subject to dismissal. Accordingly, we affirm the district court's denial of leave to amend for substantially the same reasons given by the district court judge.

## 2. **Retaliation Against Mr. Pope**

Mr. Craft argues that Mr. Pope "retaliated [against him] with the holding of legal cases in an attempt to deter [Mr. Craft's] civil and criminal cases" and also "conspired with (DCF) and (CCF) officials . . . with the holding of legal assistance." Aplt. Opening Br. at 3, 6. It appears Mr. Craft wishes to assert a retaliation claim against Mr. Pope on the theory that Mr. Pope acted adversely toward him because he filed suit against DCF officials in October 2010. He also alleges in his reply brief that in response to Mr. Pope's motion for summary judgment on the access to courts claim, Mr. Craft set forth "specific facts to prove [Mr. Pope's] retaliation." Aplt. Reply Br. at 2. But Mr. Craft's opposition to Mr. Pope's motion for summary judgment only addressed his claim for denial of access to courts based upon Mr. Pope's alleged failure to provide case law. It did not argue, let alone mention, retaliation by Mr. Pope.

Defendants argue, and we agree, that Mr. Craft first alleged retaliation against Mr. Pope in his objection to the magistrate judge's report and recommendation to grant summary judgment in favor of Mr. Pope on the access to courts claim. Issues raised for the first time in objections to the magistrate judge's recommendation are

deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

We therefore decline to address Mr. Craft's argument.

## B. *Summary Judgment on Access to Courts Claim*

In appealing the summary judgment in favor of Mr. Pope on the access to courts claim, Mr. Craft argues that summary judgment was improper because his complaint properly alleged retaliation. But the district court granted summary judgment for Mr. Pope on Mr. Craft's claim of denial of access to courts. As previously discussed, Mr. Craft did not raise a retaliation claim against Mr. Pope before the magistrate judge.

Mr. Craft does not otherwise appear to appeal the grant of summary judgment on the denial of access to courts. But even assuming that he does, and reviewing the grant of summary judgment de novo, we perceive no error. State inmates have a constitutional right to "'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). States may assure this right by providing law libraries or lawyer assistance. *Id*. An inmate claiming a denial of access to courts must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Mr. Pope contracts with CCA to provide legal assistance to inmates housed at CCF. Mr. Craft alleged that Mr. Pope failed to provide case law for an "actual innocence claim," and, therefore, Mr. Craft's filing of a federal habeas petition in November 2010 was untimely and deficient. The magistrate judge recommended

summary judgment, explaining that Mr. Craft failed to allege facts showing actual injury because the statute of limitations period on Mr. Craft's habeas petition had expired before Mr. Craft requested legal materials from Mr. Pope. The magistrate judge concluded that Mr. Pope was not responsible for the untimely filing of Mr. Craft's habeas petition or Mr. Craft's inability to present an equitable tolling argument.

As to equitable tolling of the limitations period, the magistrate judge determined that Mr. Craft's self-defense argument in his habeas petition was one of legal innocence as opposed to factual innocence and, thus, not a basis for equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (recognizing that equitable tolling under Antiterrorism & Effective Death Penalty Act would be appropriate where a prisoner is actually innocent); *see also Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (noting that actual innocence means factual innocence); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (noting that legal defenses relate to legal, not factual innocence). We agree, and not for the first time. We previously denied a certificate of appealability for Mr. Craft's appeal of the district court's dismissal of his § 2254 habeas application because the application was statutorily time-barred and Mr. Craft's claim of actual innocence was one of legal, not factual, innocence. *See Craft v. Jones*, No. 11-6131, 435 F. App'x 789 (10th Cir. 2011). Finally, the magistrate judge determined that Mr. Craft failed to show how case law would have proved a claim of factual innocence.

We have reviewed the parties' briefs, the record on appeal, and the relevant legal authority, and we agree with the analysis of the magistrate judge set forth in her report and recommendation on this issue, which the district court adopted. We therefore affirm the grant of summary judgment on Mr. Craft's denial of access to courts claim for substantially the same reasons given by the magistrate judge and district court judge.

## III.  CONCLUSION

The judgment of the district court is affirmed. We deny Mr. Craft's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge