**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BONIFACE W. WABUYABO,

    Plaintiff - Appellant,

v.

CORRECT CARE SOLUTIONS,

    Defendant - Appellee.

No. 18-3017
(D.C. No. 5:17-CV-03173-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Boniface Wabuyabo, a Kansas state inmate appearing pro se,[1] appeals the district

court's dismissal of his 42 U.S.C. § 1983 amended complaint concerning his medical

treatment by Correct Care Solutions ("CCS"). Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

## I. **BACKGROUND**

Mr. Wabuyabo, an inmate at Johnson County Adult Detention Center ("JCADC"),

filed a pro se complaint against CCS, the health care provider at JCADC. In his

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Wabuyabo proceeds pro se, we construe his filings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

complaint, he described a "different case" against Rose Aliuba and the Kansas Department of Children and Families ("DCF"). ROA at 8. The district court instructed Mr. Wabuyabo to file a new complaint because he improperly joined unrelated claims against different defendants.

Mr. Wabuyabo filed an amended complaint. He alleged that, after falling from his top bunk at JCADC, he received an x-ray and a CT scan but no treatment to relieve his pain. He further alleged CCS concealed his health information and "abused and neglected [his] rights to seek medical help." *Id.* at 19. Mr. Wabuyabo claimed his "life is still endangered and still under painful conditions." *Id.* He also attached a letter repeating his allegations against Ms. Aliuba and the DCF.

The district court screened the complaint under 28 U.S.C. § 1915A to determine whether it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Id.* at 26. It assumed Mr. Wabuyabo was attempting to allege a violation of his Eighth Amendment right against cruel and unusual punishment, and appeared to assume that CCS was a contractor acting under color of state law. The court said Mr. Wabuyabo needed to allege facts to show the "existence of a . . . policy or custom" and "that there is a direct causal link between the policy or custom and the injury alleged." *Id.* at 29 (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)).

The district court found Mr. Wabuyabo had failed "to allege facts plausibly identifying an official custom or policy that violated his constitutional rights against cruel and unusual punishment," and directed him to "show cause why his amended complaint

2

should not be summarily dismissed as stating no claim for relief against defendant CCS." *Id.* at 30. The court did not consider the attached letter as part of the amended complaint.

In response, Mr. Wabuyabo said CCS had committed cruel and unusual punishment "because they identified the problem and vowed not to handle it." *Id.* at 37. He also alleged CCS had "abused [and] neglected" him and "contributed to a worsening health condition." *Id.* at 46. He said he feared retaliation from the CCS staff. *Id.* at 47.

The district court said Mr. Wabuyabo still had not alleged a policy or custom or "describe[d] an intentional or reckless indifference to [Mr. Wabuyabo's] condition." *Id.* at 53-54. Instead, he described "a disagreement over the course of treatment prescribed and how such treatment is delivered," which was "insufficient to state an Eighth Amendment claim." *Id.* at 53. The court concluded the "amended complaint should be dismissed without prejudice for failure to state a claim." *Id.* at 54. It granted leave to appeal *in forma pauperis* ("*ifp*"). Mr. Wabuyabo timely appealed.

## II. DISCUSSION

Under 28 U.S.C. § 1915A, "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a government entity," and dismiss the complaint before service on the defendant if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. We review a dismissal for failure to state a claim de novo. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).

To determine whether a complaint has failed to state a claim, "[w]e review the complaint for plausibility; that is, to determine whether the complaint includes

3

enough facts to state a claim to relief that is plausible on its face." *Id.* (quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Under § 1983, the plaintiff must show (1) the deprivation of a federally protected right by (2) an actor acting under color of state law. *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). We will assume that CCS was acting under color of state law when it provided medical services to Mr. Wabuyabo. *See Craft v. Middleton*, 524 F. App'x 395, 397 n.3 (10th Cir. 2013) (unpublished) (assuming for sake of analysis that defendants were state actors). As the district court noted, to state a claim against CCS, Mr. Wabuyabo must identify an official policy or custom that led to the alleged constitutional violation. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (extending the rule in *Monell v. New York City Department of Social Services.*, 436 U.S. 658 (1978), to private entities acting under color of state law).

Mr. Wabuyabo has not alleged facts that suggest CCS has an official policy or custom that could have caused the alleged constitutional violation. *See Dubbs*, 336 F.3d at 1216. We therefore affirm for substantially the same reasons provided by the district court.

## III. **CONCLUSION**

We affirm the district court's dismissal of the action for failure to state a claim. We also deny as moot Mr. Wabuyabo's motion of May 7, 2018, requesting "an injunction or declaratory order for Plaintiff's treatment." Doc. 10556917 at 1.

4

The district court's dismissal under 28 U.S.C. § 1915A(b)(1) constituted a first "strike" under 28 U.S.C. § 1915(g). *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011). Because this appeal also is frivolous, we impose a second "strike" under § 1915(g). *See Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge